**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERIC WENDELL HOLLOMAN,

        Plaintiff,

vs.                                          Case No. 3:13-cv-364-J-99TJC-MCR

JACKSONVILLE TRANSPORTATION
AUTHORITY,

        Defendant.

_____

**ORDER**

Upon review, plaintiff's motion for a temporary injunction, motion for permanent injunction, and motion for the appointment of counsel (Doc. 6) is **denied**. Pro se plaintiff's rambling pleading fails to meet any part of the standard necessary to secure temporary injunctive relief (see F.R.C.P. Rule 65(b))[1]; plaintiff's long history of frivolous filings in this Court counsels against appointing a lawyer (a step the Court would not take at this juncture anyway as plaintiff's motion for leave to proceed in forma pauperis remains pending); and plaintiff's request for a permanent injunction is denied without prejudice as being premature.

---

[1] As best as the Court can make out, plaintiff seems to be alleging that some bus drivers have refused to give him rides on city buses on various occasions over the past thirteen years, including this past Sunday when a driver would not pick him up. Plaintiff also alleges that drivers have falsely imprisoned him by locking the doors to the bus and calling the police. Plaintiff alleges these actions violate one or more settlement agreements he reached with the City. No agreement is attached to plaintiff's papers. Even under a most generous reading of his filings, plaintiff has not alleged the sort of facts which would entitle him to the extraordinary relief of a temporary injunction. See, e.g., Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure temporary restraining order or preliminary injunction).

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of April, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff